IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **MARQUITA PARKER** | **PLAINTIFF** |
| vs. | CASE NO.: 3:16cv246-MPM-RP |
| **DOLLAR TREE STORES, INC.** | **DEFENDANT** |

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Marquita Parker (hereinafter "Plaintiff"), by and through counsel of record, and files this Complaint against her current and/or former employer, Defendant, Dollar Tree Stores, Inc. for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.  This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

5.  Venue is proper in this Court because Plaintiff either worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

6.  The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

7.  At all times material hereto, Plaintiff was employed by Defendant as a non-exempt assistant manager.

8.  Plaintiff Marquita Parker worked as an assistant manager for Defendant in Lafayette County, Mississippi.

9.  Defendant conducts business in Lafayette County, Mississippi at 2560 W. Jackson Avenue, Suite 15, Oxford, Mississippi 38655.

## COVERAGE

10. At all material times hereto (2013 – 2016), Plaintiff was an "employee" within the meaning of the FLSA.

11. At all material times hereto (2013 – 2016), Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

12. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all material times hereto (2013 – 2016), Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. At all material times hereto (2013 – 2016), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

16. At all material times hereto (2013 – 2016), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

17. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

      c.      Used channels of commerce;

      d.      Communicated across state lines; and/or

      e.      Performed work essential to any of the preceding activities.

18.    At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendant.

19.    At all material times hereto (2013 – 2016), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a workweek.

20.    Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21.    Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

22.    Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

23.    Plaintiff Marquita Parker worked for the named Defendant as an assistant manager from approximately May 1, 2015 through September 9, 2016. Her regular rate of pay was $9.50 per hour.

24.    Defendant is a national company with thousands of stores located in shopping centers and malls in all 48 states, including Mississippi.

25. Defendant earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

26. Defendant intentionally manually manipulated Plaintiff's actual documented work hours, thereby avoiding any obligation to pay overtime at a rate of time and one-half her regular rate of pay.

27. Specifically, Defendant's Store Manager, Tim Gin, would routinely alter and reduce Plaintiff's actual work hours to reflect that Plaintiff took a short break or lunch break when she was in fact working during those periods.

28. All of the tools used by the Plaintiff and/or those similarly situated are provided by the Defendant.

29. Plaintiff work(ed) well over forty (40) hours per week.

30. Typically, the Plaintiff work(ed) over five (5) overtime hours per week without proper overtime compensation.

31. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half her regular rate of pay for hours worked over forty (40) in a workweek.

32. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation, or even apprise Plaintiff of her right to overtime pay, with respect to Plaintiff.

33. Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

34. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek.

37. During her employment with named Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

38. Specifically Defendant manipulated Plaintiff's actual work hours to avoid the payment of overtime compensation for all hours worked in a week.

39. Defendant also failed to credit and compensate Plaintiff for all hours worked in a given workweek.

40. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

41. Defendant acted with direct control over the work, pay, and job duties of Plaintiff.

42. Defendant supervised and controlled Plaintiff's work schedule and/or conditions of employment.

43. Defendant determined Plaintiff's rate and method of payment.

44. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

45. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

46. As a result of each of the Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

47. Plaintiff demands judgment against the Defendant for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by her for which the Defendant did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

48. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. Awarding Plaintiff pre-judgment interest;

e. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 27th day of October, 2016.

Respectfully Submitted,
MARQUITA PARKER, PLAINTIFF

/s/ Christopher W. Espy
CHRISTOPHER W. ESPY, ESQ.

Christopher W. Espy, Esq.
(MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF